**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __11__

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **4/16**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **FirstRain, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **52-2256970** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1500 Fashion Island Boulevard Suite 200 San Mateo, CA 94404** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **San Mateo** | **Location of principal assets, if different from principal place of business** |
| County | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.firstrain.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **FirstRain, Inc.**                                                                                    Case number (if known) _____
      Name

**7.**   **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   _____

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor  **FirstRain, Inc.**                                             Case number *(if known)*
_____
Name

**11. Why is the case filed in this district?**  *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency  _____

Contact name  _____

Phone  _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**   .  *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **FirstRain, Inc.** | Case number (*if known*) | |
| --- | --- | --- | --- |
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 5, 2017**
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Vivie Lee

Printed name

Title    **CEO**

**18. Signature of attorney**

X    /s/ Frederick B. Rosner

Signature of attorney for debtor

Date    **June  5, 2017**
MM / DD / YYYY

**Frederick B. Rosner**
Printed name

**The Rosner Law Group LLC**
Firm name

**824 N. Market Street**
**Suite 810**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 777-1111**    Email address    **rosner@teamrosner.com**

**DE 3995**
Bar number and State

# FIRSTRAIN, INC.

## SECRETARY'S CERTIFICATE

The undersigned, Eugene Tighe, Secretary of FirstRain, Inc., a Delaware corporation (the "Company"), hereby certifies on behalf of the Company as follows:

1.  The resolutions attached as **Exhibit A** were duly adopted by the Board of Directors of the Company on May 30, 2017; and

2. Said resolutions have not been amended or revoked and remain in full force and effect as of the date hereof.

**IN WITNESS WHEREOF**, the undersigned has executed this Secretary's Certificate as of the 2nd day of June 2017.

_____
Eugene Tighe
Secretary of FirstRain, Inc.

# EXHIBIT A

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
FIRSTRAIN, INC.**

**WHEREAS**, the members of the Board of Directors (the "**Board of Directors**") of FirstRain, Inc., a Delaware corporation (the "**Company**") hereby take the following actions and adopt the following resolutions:

## I.    COMMENCEMENT OF CHAPTER 11 CASE

**NOW**, **THEREFORE**, **BE IT HEREBY RESOLVED** that after due inquiry concerning the Company's financial situation, the Board of Directors finds and determines that it is advisable, fair, appropriate, and in the best interest of the Company, its stockholders and its creditors for it to commence a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**BE IT FURTHER RESOLVED** that the officers, directors and agents of the Company, be, and each of them is, hereby empowered, authorized, and directed without further action by this Board of Directors to prepare, sign, file and prosecute, or cause to be prepared, signed, filed and prosecuted, (a) a petition for relief under chapter 11 of the Bankruptcy Code, (b) all papers, pleadings, lists and schedules attendant thereto, and (c) all agreements, instruments and documents necessary to effect (i) the assumption of the Restructuring Support Agreement (as defined below), and (ii) a chapter 11 plan of reorganization and the disclosure statement and all instruments useful and necessary to the confirmation and implementation of such plan;

## II.  RESTRUCTURING SUPPORT AGREEMENT

**BE IT FURTHER RESOLVED** that this Board of Directors has determined, in light of current circumstances and after consultation with the Company's professional advisors, and in connection with the filing of the Company's chapter 11 case, that it is in the best interests of the Company, its creditors, stockholders and other parties in interest to authorize the Company to enter into that certain Restructuring Support Agreement by and among the Company, ESW Capital, LLC as the plan sponsor ("**ESW**") and Pacific Western Bank, as successor by merger to Square 1 Bank as the pre-petition lender, in substantially the form presented to the Board of Directors (the "**Restructuring Support Agreement**");

**BE IT FURTHER RESOLVED** that the officers, directors and agents of the Company, be, and each of them is, hereby empowered and directed without further action by this Board of Directors to execute and deliver the Restructuring Support Agreement (with such non-material modifications as the Chief Executive Officer of the Company may approve) and all agreements related thereto or contemplated thereby, to take any and all actions to obtain Bankruptcy Court authorization to assume the Restructuring Support Agreement and to cause the Company to perform all of its obligations under the Restructuring Support Agreement;

## III.  POST-PETITION FINANCING

**BE IT FURTHER RESOLVED** that this Board of Directors has determined, in light of current circumstances and after consultation with the Company's professional advisors, and in connection with the filing of the Company's chapter 11 case, that it is in the best interests of the Company, its creditors, stockholders and other parties in interest to authorize the Company to

obtain post-petition debtor-in-possession financing from ESW, or its designees, on substantially the terms presented to the Board;

**BE IT FURTHER RESOLVED** that the officers, directors and agents of the Company, be, and each of them is, hereby empowered and directed without further action by this Board of Directors to take any and all actions to obtain Bankruptcy Court interim and final approval of the post-petition debtor-in-possession financing facility;

## IV.   KEY EMPLOYEE INCENTIVE PLAN/KEY EMPLOYEE RETENTION PLAN/EMPLOYEE SEVERANCE

**BE IT FURTHER RESOLVED** that this Board of Directors has determined, in light of current circumstances and after consultation with the Company's professional advisors, and in connection with the filing of the Company's chapter 11 case, that it is in the best interests of the Company, its creditors, stockholders and other parties in interest to authorize the Company to adopt a key employee incentive plan and/or key employee retention plan and to pay certain employees severance (collectively, the "**Employee Incentives**");

**BE IT FURTHER RESOLVED** that the officers, directors and agents of the Company, be, and each of them is, hereby empowered and directed without further action by this Board of Directors to take any and all actions to finalize, implement and pay the Employee Incentives and to the extent necessary, obtain Bankruptcy Court approval of the Employee Incentives;

## V.   SETTLEMENT WITH ATLAS TECHNOLOGY GROUP, LLC

**BE IT FURTHER RESOLVED** that this Board of Directors has determined, in light of current circumstances and after consultation with the Company's professional advisors, and in connection with the filing of the Company's chapter 11 case, that it is in the best interests of the

Company, its creditors, stockholders and other parties in interest to authorize the Company to enter into that certain Settlement Agreement and General Release with Atlas Technology Group, LLC  (the "**Atlas Settlement**"), with such non-material modifications as the Chief Executive Officer of the Company may approve;

 **BE IT FURTHER RESOLVED** that the officers, directors and agents of the Company, be, and each of them is, hereby empowered and directed without further action by this Board of Directors to take any and all actions to execute, finalize and implement the Atlas Settlement;

## VI. <u>RETENTION OF ADVISORS</u>

 **BE IT FURTHER RESOLVED** that the previous retention by the Company's officers and agents of the law firm of The Rosner Law Group LLC (the "<u>Rosner Group</u>") as bankruptcy counsel to the Company to represent and assist the Company in connection with its consideration of various insolvency-related obligations and bankruptcy alternatives, and to commence and prosecute the aforementioned chapter 11 case, and to do all things, and to prepare, sign and file all papers and documents necessary and proper to the prosecution of said chapter 11 case, is hereby approved and ratified; and the Rosner Group is authorized to take such actions in the bankruptcy case which the Rosner Group, in its discretion, concludes are necessary to the Rosner Group's and/or the Company's fulfillment of their fiduciary obligations in the bankruptcy case; and the Company's officers and agents are hereby authorized and directed to execute and ratify appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of the Rosner Group;

 **BE IT FURTHER RESOLVED** that the previous retention by the Company's officers and agents of the law firm of Wilson Sonsini Goodrich & Rosati, PC ("**Wilson Sonsini**") as

corporate counsel to the Company to represent and assist the Company in connection with corporate with respect to the chapter 11 case, is hereby approved and ratified; and Wilson Sonsini is authorized to take such actions in the bankruptcy case which Wilson Sonsini, in its discretion, concludes are necessary to Wilson Sonsini's and/or the Company's fulfillment of their fiduciary obligations in the bankruptcy case; and the Company's officers and agents are hereby authorized and directed to execute and ratify appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Wilson Sonsini;

**BE IT FURTHER RESOLVED** that the officers, directors, and agents of the Company be, and hereby are, authorized and directed to employ JND Corporate Restructuring as claims and noticing agent to assist the Company in the administration of claims and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the officers, directors, and agents are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to appoint JND Corporate Restructuring as claims and noticing agent;

**BE IT FURTHER RESOLVED** that the officers, directors, and agents of the Company be, and hereby are, authorized and empowered to employ on behalf of the Company any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

## VII.   __GENERAL__

BE IT FURTHER RESOLVED that the officers, directors, and agents of the Company be, and hereby are, authorized and directed, in the name and on behalf of the Company, to take such actions and to make, sign, execute, acknowledge, and deliver all petitions, schedules, motions, lists, applications, pleadings, and any and all such additional documents, agreements, affidavits, applications for approvals or rulings of governmental or regulatory authorities, motions, orders, directions, certificates, requests, receipts, financing statements, or other instruments as such officer, director, or agent or the Company's legal counsel may deem necessary, proper, or desirable in connection with the case under chapter 11 of the Bankruptcy Code, with a view to the successful prosecution of such case, and as may be reasonably required to give effect to the foregoing resolutions and to consummate the transactions contemplated by the foregoing resolutions, to execute and deliver such instruments, and to fully perform the terms and provisions thereof; and

BE IT FURTHER RESOLVED that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by an officer, director, or agent on behalf of the Company, such actions are hereby ratified and confirmed in their entirety.

**Fill in this information to identify the case:**

Debtor name _____FirstRain, Inc._____

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 **ATLAS TECHNOLOGY GROUP LLC** 38 KEYES AVENUE SUITE 102 SAN FRANCISCO, CA 94129 | CHRISTOPHER KEMPER, GENERAL COUNSEL P: 503-332-3191 F: 415-449-6222 CHRIS@ATLASTECHGROUP.COM | GOODS SOLD / SERVICES RENDERED | | | | $250,000.00 |
| 2 **WILSON SONSINI GOODRICH & ROSATI** PO BOX 742866 LOS ANGELES, CA 90074-2866 | P: 650-845-5995 F: 866-974-7329 FINANCE@WSGR.COM | GOODS SOLD / SERVICES RENDERED | | | | $185,449.63 |
| 3 **ADELI LLP** 11859 WILSHIRE BLVD SUITE 408 LOS ANGELES, CA 90025 | P: 310-442-9300 F: 310-442-9330 | GOODS SOLD / SERVICES RENDERED | | | | $23,031.25 |
| 4 **WOODRUFF SAWYER & COMPANY** PO BOX 45057 SAN FRANCISCO, CA 94145-9950 | P: 415-391-2141 F: 415-989-9923 | GOODS SOLD / SERVICES RENDERED | | | | $4,755.33 |
| 5 **AT&T 5019-IL** PO BOX 5019 CAROL STREAM, IL 60197-5019 | P: 908-221-2000 F: 908-532-1673 | GOODS SOLD / SERVICES RENDERED | | | | $4,544.46 |
| 6 **UNITED HEALTHCARE** PO BOX 843118 LOS ANGELES, CA 90084-3118 | P: 800-591-9911 F: 952-992-4703 | GOODS SOLD / SERVICES RENDERED | | | | $4,249.38 |
| 7 **VANGUARD** C/O ASCENSUS PO BOX 28067 NEW YORK, NY 10087 | P: 866-794-2268 F: 610-669-6600 | GOODS SOLD / SERVICES RENDERED | | | | $1,752.98 |
| 8 **BLUE JEANS NETWORK, INC.** 516 CLYDE AVENUE MOUNTAIN VIEW, CA 94043 | P: 408-550-2186 F: 408-550-2829 AR@BLUEJEANS.COM | GOODS SOLD / SERVICES RENDERED | | | | $1,640.33 |

| Debtor | FirstRain, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **ADP, INC - CA 31001** PO BOX 31001-1874 PASADENA, CA 91110-1874 | P: 408-988-6565 | GOODS SOLD / SERVICES RENDERED | | | | $1,095.51 |
| 10 | **AT&T MOBILITY 6463** PO BOX 6463 CAROL STREAM, IL 60197-6463 | P: 404-236-7895 F: 404-236-6005 | GOODS SOLD / SERVICES RENDERED | | | | $542.06 |
| 11 | **VERIZON WIRELESS-660108** PO BOX 660108 DALLAS, TX 75266-0108 | P: 770-797-1070 F: 770-797-1036 | GOODS SOLD / SERVICES RENDERED | | | | $379.64 |
| 12 | **ALLIED ADMINISTRATORS FOR DELTA DENTAL** PO BOX 45739 SAN FRANCISCO, CA 94145-0739 | P: 877-472-2669 F: 415-439-5861 EXECUTIVEOFFICE@ ALLIEDADMINISTRATORS.COM | GOODS SOLD / SERVICES RENDERED | | | | $304.38 |
| 13 | **WAGE WORKS, INC** PO BOX 45772 SAN FRANCISCO, CA 94145-0772 | P: 650-577-5200 | GOODS SOLD / SERVICES RENDERED | | | | $300.00 |
| 14 | **AAA BUSINESS SUPPLIES & INTERIOIRS** 325 MENDELL STREET SAN FRANCISCO, CA 94124-1710 | P: 800-821-4430 F: 800-821-4030 ORDER@AAASOLUTIONS.COM | GOODS SOLD / SERVICES RENDERED | | | | $239.73 |
| 15 | **LINCOLN FINANCIAL GROUP** PO BOX 0821 CAROL STREAM, IL 60132-0821 | P: 484-583-1432 F: CLIENTSERVICES@LFG.COM | GOODS SOLD / SERVICES RENDERED | | | | $171.07 |
| 16 | **KAISER PERMANENTE** FILE 5915 LOS ANGELES, CA 90074-5915 | P: 510-271-5953 F: 510-271-6493 | GOODS SOLD / SERVICES RENDERED | | | | $111.61 |
| 17 | **ESSEN - BNP NY FOODS, INC** 290 MADISON AVE NEW YORK, NY 10017 | P: 212-462-4500 F: 212-462-4511 ESSENCATERING@GMAIL.COM | GOODS SOLD / SERVICES RENDERED | | | | $64.45 |
| 18 | **VISION SERVICE PLAN (CA)** PO BOX 45210 SAN FRANCISCO, CA 94145-5210 | P: 800-216-6248 F: 916-851-4852 | GOODS SOLD / SERVICES RENDERED | | | | $56.30 |
| 19 | | | | | | | |
| 20 | | | | | | | |

**Fill in this information to identify the case:**

Debtor name   **FirstRain, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■    Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 5, 2017**      X _____
                                        Signature of individual signing on behalf of debtor

                                        **Vivie Lee**
                                         Printed name

                                         **CEO**
                                         Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

# United States Bankruptcy Court
## District of Delaware

In re __FirstRain, Inc.__ _____
                        Debtor(s)

Case No. _____
Chapter __11__

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☑ None [*Check if applicable*]


__June 5, 2017__ _____
Date

_____
__Vivie Lee__
CEO of FirstRain, Inc.